# CIRCUIT COURT OF THE CITY OF RICHMOND

Summs Recovery
and Collection, Inc.,
t/a Alert Towing

v.

Charles Lee Belle, III,
a/k/a C. Maxwell Belle,
a/k/a Charles Maxwell Belle,
a/k/a Max Belle

March 2, 1998

Case No. MC-5105

BY JUDGE JAMES B. WILKINSON

*Facts*

The defendant, Charles Lee Belle, III, was hired in May 1997, as a salesman for Summs Recovery and Collection, Inc., which does business as Alert Towing. Mr. Belle worked in the Richmond office generating new business. He was promoted to manager of Alert Towing in Richmond, Virginia, on June 9, 1997. A Contract of Employment was entered into by Mr. Belle and Brock A. Summs, President of Summs Recovery.

A non-competition agreement was also discussed which would prohibit Mr. Belle from competing in the towing and repossession businesses should he leave or be terminated from employment. The original proposed geographical reach of 150 mile radius was reduced to a 50 mile radius of "any Summs Office." The parties agree that Mr. Belle did not sign the non-competition agreement at the time it was presented to him. The parties

agree that at some time later, Mr. Belle did sign the non-competition agreement.

The parties disagree as to whether Mr. Belle dated the non-competition agreement and whether Mr. Belle delivered the non-competition agreement to Summs Recovery. The plaintiff suggests that Mr. Belle signed and dated the non-competition agreement and placed it upon his desk for the secretary to pick it up, as was commonly done with other business documents. The defendant suggests that he signed the non-competition agreement, did not date it, added a paragraph to the bottom of the page, and placed it in a filing cabinet behind his desk to be presented to Mr. Summs at a later date.

Mr. Belle was terminated on October 25, 1997. On November 13, 1997, the plaintiff filed a Bill of Complaint moving the Court to award damages for the defendant's intentional interference with contractual relations and for business defamation. The plaintiff also moved the Court to enjoin the defendant from taking and engaging in the actions and activities prohibited in the non-competition agreement. On December 11, 1997, nunc pro tunc November 21, 1997, the Court entered an order temporarily enjoining the defendant from engaging in towing automobiles within the City of Richmond. On February 2, 1998, the parties agreed to submit this case to the Court for decision on the basis of the Memorandum of Facts and Authorities filed by the parties.

### Issues

Whether the non-competition agreement is enforceable in a court of equity.

Whether the non-competition agreement entered into by the parties is a signed and delivered contract.

### Discussion

A non-competition agreement will be enforced when the following three prong-test is met:

1. Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

2. From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

3. Is the restraint reasonable from the standpoint of a sound public policy?

*Roanoke Eng. Sales v. Rosenbaum*, 223 Va. 548, 552, 290 S.E.2d 882 (1982) (citing *Richardson v. Paxton Co.*, 203 Va. 790, 794, 127 S.E.2d 113 (1962)).

In the case at bar, the non-competition agreement states the defendant agrees not to:

> directly or indirectly engage in the business or substantially the same business activity generally described as: towing, private property management, repossessions, and patrolling of any parking facility for a period of one year from date of termination within fifty miles of any Summs Office.

Summs Recovery has three offices: Richmond, Tidewater, and Maryland. Mr. Belle worked only in the Richmond office, secured contracts on behalf of the Richmond office, and had access to information regarding only Richmond clients. The non-competition agreement would prohibit Mr. Belle from engaging directly or indirectly in the towing and repossession businesses within a fifty mile radius of all three Summs offices. Mr. Belle was employed as manager of the Richmond office and his business dealings on the behalf of the company were limited to the areas of Petersburg, Richmond, and Ashland. Mr. Belle's knowledge involved only the Richmond client base. There is no evidence indicating that Mr. Belle had access to client information regarding the Tidewater or Maryland offices. Although Mr. Belle received general training in the towing business and such training might be applicable to all Summs Recovery offices, the Court is of the considered opinion that training alone is insufficient to effect a non-competition agreement. Because the non-competition agreement covers all three Summs Recovery offices when Mr. Belle only had access to information regarding the Richmond office, the non-competition agreement, from the standpoint of Summs Recovery, is a greater restraint than necessary to protect its business interests.

The fifty mile geographical reach of "all Summs offices" would span approximately from the North Carolina border, to the east coast, almost to Charlottesville, north towards Fredericksburg, and well into Maryland. There is no showing that Summs Recovery has clients or is pursuing clients south of Petersburg, west of Richmond, north of Ashland, and in several other locations included in the geographical reach of the non-competition

agreement. To prohibit Mr. Belle from pursuing similar employment in those locations which Summs Recovery is not doing business and has shown no intention of doing business would be "unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood." *Roanoke Eng. Sales, supra.* The Court holds that the provision prohibiting Mr. Belle from engaging in similar employment "within fifty miles of any Summs Office" is an unreasonable restraint from the standpoint of the employee. The Court refuses to edit the geographical reach of the non-competition agreement since it is well established in Virginia that courts will not rewrite contracts. *See American Standard Homes Corp. v. Reinecke,* 245 Va. 113, 122, 425 S.E.2d 515 (1993); *Bank of Southside Va. v. Candelario,* 238 Va. 635, 640, 385 S.E.2d 601 (1989).

The Court having determined that the non-competition agreement fails the first two prongs of an enforceable non-competition agreement, it is unnecessary for the Court to address the issue of whether "the restraint is reasonable from the standpoint of sound public policy." *Roanoke, supra.* Furthermore, the Court's having determined the non-competition agreement is unenforceable renders moot the issue of whether the contract was effectuated by delivery.

## Conclusion

The non-competition agreement, from the standpoint of Summs Recovery, is a greater restraint than necessary to protect Summs Recovery's legitimate business interests. The fifty mile geographical reach of the non-competition agreement is an unreasonable restraint from the standpoint that it is unduly harsh and oppressive in curtailing the legitimate efforts of Mr. Belle to earn a livelihood. The Court holds that the non-competition agreement is unenforceable and, thus, is invalid. The Court reserves the issue of damages under advisement and the defendant is granted leave to present evidence as to the damages sustained as a result of the temporary injunction.

## Order

On February 2, 1998, came the plaintiff, by representative and by counsel, and the defendant, in person and by counsel. Whereupon, the Court having heard argument on the facts, counsel agreed to submit this case to the Court for decision on the basis of the Memorandum of Facts and Authorities filed by the parties. Whereupon, the Court now having

fully considered the evidence, the arguments of counsel, and the briefs submitted, and for the reasons set forth in the Court's Memorandum Opinion dated this 2nd day of March, 1998, the Court holds that the non-competition agreement, from the standpoint of the plaintiff, is a greater restraint than necessary to protect the plaintiff's legitimate business interests. The Court further holds that the fifty mile geographical reach of the non-competition agreement is an unreasonable restraint from the standpoint that it is unduly harsh and oppressive in curtailing the legitimate efforts of the defendant to earn a livelihood.

It is ordered that the non-competition agreement is unenforceable and, thus, is invalid.

It is further ordered that the injunction previously ordered by the Court is dissolved.

It is further ordered that the Court reserves the issue of damages under advisement and the defendant is granted leave to present evidence as to the damages sustained as a result of the temporary injunction.